IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: AMERICAN MEDICAL SYSTEMS, INC.
PELVIC REPAIR SYSTEMS
PRODUCT LIABILITY LITIGATION            MDL No. 2325

-----------------------------------------------------------------
THIS ORDER RELATES ONLY TO CIVIL ACTIONS:

| | |
|---|---|
| **Anna Carver v. AMS,** | Case No. 2:16-cv-02539 |
| **Lana Chapman v. AMS,** | Case No. 2:15-cv-13621 |
| **Evelyn Copeland v. AMS,** | Case No. 2:15-cv-11106 |
| **Beatrice Dotson v. AMS,** | Case No. 2:16-cv-04745 |
| **Kathy Dover v. AMS,** | Case No. 2:16-cv-07903 |
| **Keri Fletcher v. AMS,** | Case No. 2:15-cv-14776 |
| **Beverly Geraci v. AMS,** | Case No. 2:15-cv-11743 |
| **Justine Groves v. AMS,** | Case No. 2:15-cv-14341 |
| **Angela Hendricks v. AMS,** | Case No. 2:16-cv-01944 |
| **Angela Hopewell v. AMS,** | Case No. 2:16-cv-04104 |
| **Bonita Klein v. AMS,** | Case No. 2:15-cv-13171 |
| **Krista Krug v. AMS,** | Case No. 2:16-cv-02303 |
| **Elaine Langlois v. AMS,** | Case No. 2:15-cv-16073 |
| **Luz Perez v. AMS,** | Case No. 2:16-cv-02840 |
| **Dawn Perreault v. AMS,** | Case No. 2:16-cv-00196 |
| **Evelyn Shill v. AMS,** | Case No. 2:15-cv-14403 |

## ORDER

Pending before the court are Emergency Motions to Compel the Deposition of Plaintiffs' Expert Ralph Zipper, M.D., filed by American Medical Systems, Inc.[1] The undersigned conducted a telephonic hearing on the Motions on Friday, June 14, 2019. For the reasons that follow, the Court **GRANTS** the Motions.

---

[1] Carver v. AMS, (ECF No. 17); Chapman v. AMS, (ECF No. 17); Copeland v. AMS, (ECF No. 16); Dotson v. AMS, (ECF No. 17), Dover v. AMS, (ECF No. 16); Fletcher v. AMS, (ECF No. 16); Geraci v. AMS, (ECF No. 17); Groves v. AMS, (ECF No. 16); Hendricks v. AMS, (ECF No. 19); Hopewell v. AMS, (ECF No. 17); Klein v. AMS, (ECF No. 17); Krug v. AMS, (ECF No. 19); Langlois v. AMS, (ECF No. 20); Perez v. AMS, (ECF No. 16); Perreault v. AMS, (ECF No. 16); Shill v. AMS, (ECF No. 16).

Dr. Ralph Zipper, plaintiffs' causation expert in the above-referenced cases, issued an invoice for his discovery deposition, requiring American Medical Systems, Inc. ("AMS") to pay him $18,000 per day, in advance, for four days of testimony, which would cover all sixteen plaintiffs. AMS objected to the demand and asked the Court to order Dr. Zipper to appear for deposition without prepayment and to charge no more than $750 per hour for the time spent at the depositions.

Federal Rule of Civil Procedure 26(b)(4)(E)(i) states:

Unless manifest injustice would result, the court must require that the party seeking discovery:

(i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)[.]

The undersigned finds Dr. Zipper's $18,000 per day charge to be unreasonable; primarily, because it is a flat fee charge. The undersigned agrees with other courts that have considered this issue and concluded that a flat fee does not comply with the intent of Rule 26(b)(4)(E)(i), which requires "some reasonable relationship between the services rendered and the remuneration to which an expert is entitled." *Anthony v. Abbott Labs.*, 106 F.R.D. 461, 464 (D.R.I. 1985). By its nature, "a flat fee runs counter to this principle." *Mannarino v. United States,* 218 F.R.D. 372, 375 (E.D.N.Y. 2003) (holding "[i]t is simply not reasonable to require parties in every case to pay the same amount regardless of the actual 'services rendered' or 'time spent complying with the requested discovery.'"); *Nnodimele v. City of New York*, No. 13–CV–3461, 2015 WL 4461008, at *2 (E.D.N.Y. July 21, 2015) ("Flat fees are disfavored because courts expect some reasonable relationship between the services rendered and the remuneration to which an expert is entitled.") (internal quotations and citation omitted)*; Dinkel v. MedStar Health, Inc.,* No. CV 11-0998 (CKK-AK), 2014 WL 12792993, at *7 (D.D.C. Mar. 20, 2014) (agreeing with other

courts that a flat fee does not ensure what Rule 26 requires—a reasonable relationship between the services rendered and the remuneration to which the expert is entitled); *also Massasoit v. Carter,* 227 F.R.D. 264, 267 (M.D.N.C. 2005) (stating that "a flat fee does raise a red flag with respect to whether expert fees are reasonable, and requires the Court to closely scrutinize the situation" and noting that because most depositions vary and are not routinized, "a flat fee is not normally reasonable.").

Having found that Dr. Zipper's flat fee is not reasonable, the Court must determine what amount would be reasonable. In making that determination, the following factors are considered:

> (1) the witness's area of expertise, (2) the education and training that is required to provide the expert insight that is sought, (3) the prevailing rates for other comparably respected available experts, (4) the nature, quality and complexity of the discovery responses provided, (5) the cost of living in the particular geographic area, (6) the fee being charged by the expert to the party who retained him, (7) fees traditionally charged by the expert on related matters, and (8) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

*First S. Bank v. Fifth Third Bank, N.A.*, No. CIV.A. 7:10-2097-MGL, 2014 WL 3868000, at *4 (D.S.C. Aug. 6, 2014), *aff'd sub nom.* 631 F. App'x 121 (4th Cir. 2015) (quoting *Adams v. Memorial Sloan Kettering Cancer Center,* 2002 WL 1401979, at *1 (S.D.N.Y. June 28, 2002)). "The party seeking reimbursement of [its] expert witness fees has the burden of demonstrating to the court that the expert's rate and fee are reasonable." *Se-Kure Controls, Inc. v. Vanguard Prod. Grp., Inc.*, 873 F. Supp. 2d 939, 955 (N.D. Ill. 2012). "A guiding principle is that the expert's fee should not be so high as to impair a party's access to necessary discovery or result in a windfall to the expert." *Maxwell v. Stryker Corp.*, No. 11-CV-01524-REB-KMT, 2012 WL 2319092, at *2 (D. Colo. June 19, 2012).

Plaintiffs supplied various exhibits in support of their contention that Dr. Zipper's

3

flat fee is reasonable. In addition, Plaintiffs argue that, in general, an expert's regular hourly rate for professional services is presumptively a reasonable rate for deposition. While the exhibits and argument are not persuasive to the extent that this Court does not find a flat fee reasonable, they are useful in addressing the factors for calculating a reasonable amount.

First looking at Dr. Zipper's education, training, and expertise, Plaintiffs indicate that Dr. Zipper has testified in over 25 transvaginal mesh cases in pelvic mesh multidistrict litigation ("MDL"). He is board certified in female pelvic medicine and reconstructive surgery, as well as obstetrics and gynecology. Dr. Zipper has specialized in urogynecology for eighteen years and has performed thousands of surgeries using the devices at issue in this MDL. He has been a private consultant in developing devices for stress urinary incontinence and pelvic organ prolapse and is the chief executive officer of a medical device company. Dr. Zipper has been a keynote speaker on the topics of pelvic reconstruction surgery, stress urinary incontinence, and pelvic organ prolapse at national meetings sponsored by C. R. Bard, Coloplast, and AMS—all defendants in pelvic mesh MDLs. He was the first surgeon in the United States to perform a single incision sling and routinely treats complications from pelvic mesh. Accordingly, Dr. Zipper is highly qualified as an expert in this MDL and has experience and training at least commensurate with other expert witnesses in the MDL.

Next, Plaintiffs offer evidence of the prevailing rates for other experts and the fees traditionally charged. According to the documents provided, one expert in the Bard MDL, Dr. Charles Butrick, charges $1,250 per hour for deposition testimony; another Bard expert, Dr. Donald Ostergard, charges a flat $4,000 per half day for any type of testimony; in the Ethicon MDL, Dr. Jerry Blaivas charges a flat fee of $7,500 per half day for

4

deposition testimony; and AMS's own expert in the instant actions, Dr. James Coad, charges $900 per hour for his deposition time. In contrast, AMS does not offer any evidence of prevailing rates, or of fees routinely charged by experts in the MDLs. Instead, AMS relies on cases decided ten to twenty years ago, which found certain expert rates to be excessive and reduced them. In addition to being dated and, therefore, not particularly helpful on identifying prevailing rates, these cases do not involve the same subject matter or expertise present in the instant actions. AMS also provided evidence that Dr. Zipper previously charged $700 per hour for his review of similar cases and is involved in litigation with a plaintiffs' law firm over allegedly excessive billing. Once again, this information is not especially useful in setting a reasonable fee and certainly does not provide a basis for AMS's position that Dr. Zipper's hourly fee should be reduced to $750.

As to the remaining factors, Dr. Zipper is located in Melbourne, Florida, which has a cost of living similar to West Virginia. The subject matter of the MDL is complex; thus, the deposition testimony will likely be complex as well. To further complicate the matter, Dr. Zipper is required to prepare for testimony regarding sixteen different women. Finally, Dr. Zipper charges Plaintiffs' counsel $900 per hour for review, and Plaintiffs have paid that amount.

Based upon these factors, the undersigned finds that Dr. Zipper's regular hourly review rate of $900, while on the high side, is reasonable for the time he will spend responding to AMS's depositions. Dr. Zipper is entitled to payment for reasonable preparation time, *New York v. Solvent Chemical Co., Inc.*, 210 F.R.D. 462, 471 (W.D.N.Y. 2002), although not to include time spent meeting or communicating with Plaintiffs' counsel, and for time spent taking the deposition. As discussed at the hearing, one to two hours of preparation time for each deposition is reasonable given the circumstances. Dr.

5

Zipper should not have to prepare for testimony regarding general scientific and medical principles; particularly, given his expertise and the number of prior depositions he has given in the MDL. However, he likely will have to review each individual case to refresh his memory on the details. While his reports should reduce the preparation time, some amount of time still will be required.

With respect to AMS's motion that it not be required to prepay Dr. Zipper's deposition fee, the Court grants that motion. There is nothing in Rule 26 that requires prepayment. In any event, it is illogical to prepay a fee that cannot be calculated until after the hours are actually spent in responding to the discovery. Furthermore, the practice in Florida, where Dr. Zipper is located, is to defer the payment of deposition fees until after the deposition has taken place. *See Tennant v. Handi-House Mfg. Co.,* No. 3:16-CV-1276-J-25MCR, 2017 WL 11105252, at *2 (M.D. Fla. Nov. 20, 2017) (relying on prior cases that held the "prepayment of expert witness deposition fees is inappropriate under the Federal Rules of Civil Procedure.").

Accordingly, AMS shall be permitted to schedule and take the depositions of Dr. Zipper without prepayment. After conclusion of the deposition, and upon receipt of Dr. Zipper's invoice, AMS shall have thirty days to pay the fee. The fee shall be calculated using an hourly rate of $900 and may include a fee for reasonable preparation and for the time spent in the depositions.

The Clerk is instructed to provide a copy of this Order to counsel of record.

ENTERED: June 17, 2019

Cheryl A. Eifert
United States Magistrate Judge